**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 11-4619**

─────────────

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

WENDY MAE BROCK,

            Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:10-cr-00120-WO-1)

─────────────

Submitted:  December 21, 2011        Decided:  January 5, 2012

─────────────

Before GREGORY, SHEDD, and WYNN, Circuit Judges.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

Louis C. Allen, Federal Public Defender, John A. Dusenbury, Jr., Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant.  Frank Joseph Chut, Jr., Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Wendy Mae Brock pled guilty pursuant to a plea agreement to three counts: Count 7, false statements to a bank, 18 U.S.C.A. § 1014 (West Supp. 2011); Count 8, false representation of a social security number, 42 U.S.C. § 408(a)(7)(B) (2006); and Count 9, aggravated identity theft, 18 U.S.C. § 1028A(a)(1) (2006), and was sentenced to 48 months imprisonment. On appeal, counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting there are no meritorious grounds for appeal, but raising the following issue: whether the district court erred by imposing a 48 month sentence. Brock was informed of her right to file a pro se supplemental brief but has not done so. Finding no reversible error, we affirm.

After United States v. Booker, 543 U.S. 220 (2005), we review a sentence for reasonableness, whether inside or outside the advisory Sentencing Guidelines range, applying a deferential abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 49 (2007). We first review a sentence for significant procedural error and then evaluate the sentence for substantive error. Id. at 51; United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009).

In this case, for Count 9 the district court sentenced Brock to the mandatory minimum of 24 months imprisonment to run

2

consecutive to any other sentence. Brock does not dispute this portion of the sentence. Instead, Brock's Anders counsel asks whether her sentence of 24 months for Counts 7 and 8 was unreasonable. The court calculated Brock's advisory Sentencing Guidelines range for Counts 7 and 8 as 12-18 months of imprisonment but imposed an upward variance sentence of 24 months. In imposing the variance sentence, the court expressly analyzed the 18 U.S.C. § 3553(a) (2006) factors and noted: the high number of victims (despite a relatively low loss amount in money), the scope and continuity of Brock's criminality (including the complexity of some of her schemes), the need to protect the public and to promote respect for the law, and the need to provide deterrence. Having reviewed the record, we find no procedural or substantive error in the court's upward variance sentence and that the court adequately explained its sentence. United States v. Boulware, 604 F.3d 832, 837 (4th Cir. 2010).

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Brock's conviction and sentence. This court requires that counsel inform Brock, in writing, of the right to petition the Supreme Court of the United States for further review. If Brock requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel

3

may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Brock.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4